UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER KLINE, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:05-CV-157RM<br>(Arising from 3:03-CR-80(2) RM) |

OPINION AND ORDER

This matter comes before the court on Mr. Christopher Kline's 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. Mr. Kline asserts that his waiver of his rights to appeal under 18 U.S.C. § 3742 and to institute a proceeding under 28 U.S.C. § 2255 is ineffective as it was made without proper explanation. Mr. Kline also asserts that he is entitled to relief under §2255 on the basis of ineffective assistance of counsel. While the government filed a response to Mr. Kline's petition, the time for reply has passed and so the petition is ripe for ruling. For the following reasons, the court denies Mr. Kline's request.

Mr. Kline, a pro se prisoner, entered a guilty plea on September 3, 2003 to charges of conspiring to alter and remove vehicle identifications numbers, selling and disposing of stolen vehicles, and operating a chop shop in violation of 18 U.S.C. § 371. The court sentenced Mr. Kline on March 17, 2004 to a term of

1

imprisonment for 46 months, followed by a three-year supervised release terms, and ordered restitution in the amount of $317,8555.80.

Mr. Kline's signed plea agreement included his statement that he understood that the offense to which he plead guilty is subject to sentencing according to the Guidelines promulgated under 28 U.S.C. § 994. Mr. Kline's agreement further included the following waiver:

> I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set for above in paragraph 9(e) of this plea agreement. With that understanding, I expressly waive my right to appeal my sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742. I also agree not to contest my sentence or the manner in which it was determined in any post conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Mr. Kline now seeks collateral relief under 28 U.S.C. § 2255. The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceeding in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petition to vacate, set aside or correct a sentence under § 2255 is available to remedy errors of jurisdiction or constitutional magnitude, or when there has

2

been a "complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). A defendant may waive the right to pursue collateral relief under § 2255. Such waiver is enforceable as long as it is "clear and unambiguous." United States v. Jones, 381 F.3d 615, 619 (7th Cir. 2004). A defendant must enter into the plea agreement knowingly and voluntarily to waive such rights. United States v. Williams, 184 F.3d 666, 668 (7th Cir. 1999).

Mr. Kline's position — that he agreed to waive his rights to appeal without the benefit of any explanation of the consequences — cannot be maintained in the face of the language of the signed plea agreement and the September 3, 2003 plea hearing. At the hearing, Mr. Kline participated in the following exchange with regard to his waiver:

> THE COURT:…you're giving up that right to appeal and also the right to challenge your sentence or the way it was determined through a petition for writ of habeas corpus or any other motion that would come after sentencing. Is that how you understand that provision?
>
> MR. KLINE: Yes.
>
> THE COURT: As I understand it, what that means is that if from here on out I do anything with respect to the sentencing process that you don't think was right, even if you get a longer sentence as a result of it, you wouldn't be able to complain about that to this court or to any other court.
>
> MR. KLINE: Yes.

The language of the signed plea agreement, as well as Mr. Kline's own statements at the change of plea hearing, shows that Mr. Kline's waiver was neither unclear or ambiguous.

Alternatively, Mr. Kline asserts that his sentencing is subject to collateral attack because he received ineffective assistance of counsel. An otherwise valid plea agreement may still be challenged under § 2255 on the basis of ineffective assistance of counsel. United States v. Rhodes, 330 F.3d 949, 952 (7th Cir. 2003). Mr. Kline must show that his counsel was objectively deficient and that this deficiency caused prejudice. Benefiel v. Davis, 357 F.3d 655, 661 (7th Cir. 2004).

Mr. Kline's only assertion regarding his attorney's deficiency is the attorney's failure to anticipate the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Blakely, which only applied to state sentencing schemes, was decided more than six months after Mr. Kline's plea and more than three months after his sentencing. Booker, which addressed the federal sentencing scheme, was decided more than one year after Mr. Kline's sentencing.

Failure to anticipate shifts in legal doctrine does not constitute objectively deficient assistance of counsel. Knox v. United States, 400 F.3d 519, 522-523 (7th Cir. 2005). Further, Booker, the only case that applies to the Federal Sentencing Guidelines, is not to be applied retroactively, so Mr. Kline suffered no prejudice from his counsel not anticipating its arrival. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

Mr. Kline's plea agreement constitutes a valid waiver of his right to appeal and collaterally attack his sentence under § 2255, and even if it did not Mr. Kline received effective assistance of counsel. Because it plainly appears Mr. Kline is not

4

entitled to relief, his § 2255 petition is SUMMARILY DISMISSED [Doc. No. 1].

SO ORDERED.

ENTERED: June 15, 2005

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   C. Kline
      B. Brook